# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| STEEL SERVICE CORPORATION, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Case No. 05-9063-MC-W-GAF |
| ) | (S.D. Ohio Case No. 1:04CV227) |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF HAMILTON COUNTY, OHIO, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| and ) | |
| ) | |
| HELLMUTH, OBATA & KASSABAUM, ) | |
| P.C., ) | |
| ) | |
| Respondent. ) | |

## ORDER

Presently before the Court is a Motion to Compel Production and for Contempt filed by the Defendant, Board of County Commissioners of Hamilton County, Ohio ("Board"). (Doc. #1). The Board seeks an Order compelling Hellmuth, Obata & Kassabaum, P.C. ("HOK") to produce documents sought pursuant to a subpoena duces tecum and holding this non-party in contempt for its present failure to comply. Id. HOK contends that the subpoena is overbroad and seeks information that is either completely irrelevant, duplicative of information produced through a subpoena issued on HOK by the Plaintiff, or is already in the possession of the Board. (Doc. #2). The Court finds that the requests for production contained in the subpoenas should be topically limited to documents in the possession of HOK which relate to the procurement of structural steel.

**ANALYSIS**

I.    **Background**

The underlying action between the Plaintiff, Steel Service Corporation ("Steel Service"), and the Board is presently pending in the Southern District of Ohio. (Doc. #1). This Ohio case involves a dispute relating to the construction of the Great American Ballpark in Cincinnati, Ohio (the "Ballpark"). Id. The Board owns the Ballpark and Steel Services was the structural steel contractor for the construction of the Ballpark. Id. The Board selected HOK to provide architectural and engineering services for the construction of the Ballpark. Id.

In March 2004, Steel Service filed suit against the Board seeking additional compensation for its work on the Ballpark. (Doc. #2). Steel Service claims that its work was "disrupted, hindered and rendered inefficient by the [Board's] incomplete and inadequate structural steel design, by the [Board's] delay in providing complete and adequate structural steel design information, and by the [Board's] constant revisions to the structural steel design." (Doc. #2 *quoting* Pl.'s Compl. at ¶ 7). Steel Service further claims that the Board directed it to accelerate its performance, resulting in additional costs to Steel Service. (Doc. #2). As the Board retained HOK as the architect on the project, Steel Service alleges that it was wrongfully delayed and/or accelerated in its performance of its contractual obligations as a result of, inter alia, defective and incomplete ballpark designs and other alleged acts and omissions by HOK and/or its subcontractors. (Doc. #1).

II.   **The Subpoena Duces Tecum**

The Board served HOK with a subpoena duces tecum to obtain documents necessary to develop a defense to Steel Service's claims. The subpoena seeks the production of documents "regarding the Great American Ball Park project (the "Project")" including:

1) any correspondence or communication regarding the Project;

2) any and all hand-written notes, notes, internal memoranda, memoranda, log entries, journal entries, diary entries and/or any other written documents or tangible things regarding the Project;

3) any and all hand-written notes, notes, internal memoranda, memoranda, log entries, diary entries and/or any other written documents or tangible things memorializing any conversations regarding the Project;

4) any and all documents or tangible things regarding any and all negotiations, agreements, and/or contracts regarding the Project;

5) any and all documents or tangible things regarding any payment received regarding the Project;

6) any and all invoices regarding the Project;

7) any and all drafts, sketches, drawings, blue prints, design specifications, design figures, design calculations, and/or any other documents or tangible things regarding the Project;

8) any and all video or photographic records regarding the Project;

9) any and all documents or tangible things regarding any and all tests performed regarding the Project;

10) any and all time records, ledgers and/or any other documents or tangible things memorializing the period of time spent by any director, manager or employee regarding the Project;

11) any and all pay records, payment applications, bookkeeping records, payroll reports, time records;

3

12) any and all documents constituting, relating, pertaining in any way to any letters of intent, proposals, requests or quotations for work or services to be performed at, for or on the Project.

(Doc. #1, Ex. A). The Board contends that Steel Service previously issued a subpoena dues tecum to HOK in this case and the Board believes that HOK produced similarly requested documents in response, apparently without opposition. (Doc. #1).

**3. HOK's Objections to the Subpoena Dues Tecum**

HOK refused to produce any documents requested in the subpoena and generally objected to the twelve requests for production on the following grounds:

1. The subpoena seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2. The subpoena is unduly burdensome insofar as the time frame set forth for the production of documents is unreasonable.

3. To the extent that the subpoena seeks documents protected by the attorney/client privilege, such documents will not be produced.

4. Rule 45 requires proof of service and service effected under Rule 5(b)(2) and such service did not properly occur.

5. The subpoena attempts to impose upon HOK obligations beyond those permitted by the Federal Rules of Civil Procedure.

Id. In its Opposition to the present Motion, HOK urges the Court to refuse to enforce the subpoena for the above reasons and because the information sought is duplicative of information requested in the Steel Service subpoena and already in the possession of the Board. (Doc. #2).

If this Court believes that the requested documents should be produced, HOK contends that its burden in producing these documents will be relieved by a temporal and topical limitation on the scope of

4

the requests. (Doc. #2). HOK believes that the documents sought should be limited to the time period of Steel Service's work on the Project which began in December 2000 and ended in May 2002. Id. HOK further believes that the scope of the requests should be limited to one specific item of work, the steel superstructure. Id.

5

### A.     *Limiting the Temporal Scope of Discovery*

In its Reply, the Board opposes limiting the temporal scope of discovery. (Doc. #3). The Board argues that limiting the discoverable time period to the period when Steel Service was actually performing "work" on the Project misrepresents the scope of the matters at issue in the case. Id. According to the Board, Steel Service is alleging that the design and construction documents produced by HOK were defective and incomplete resulting in damages to Steel Service. Id. As these documents were not necessarily created within the time frame that Steel Service was actually working on the construction of the Ballpark, the Board contends that a temporal limitation on its discovery request would impair its ability to defend against Steel Service's claims. Id.

The Court agrees that a temporal limitation on the scope of the Board's discovery requests may hinder the Board's ability to develop a defense to Steel Service's claims. It is probable that many of the design and construction documents were in the process of being created by HOK, and may have even been completed, prior to Steel Service actually working on the construction of the Ballpark. Furthermore, curative actions taken by HOK following Steel Service's completion of its work on the project may reveal that the designs submitted to Steel Service were incomplete and inadequate. Accordingly, the Court finds that a temporal limitation is not appropriate as design and construction documents created by HOK outside of the time period Steel Service was actually working on the construction of the Ballpark may be relevant and necessary to defend against Steel Service's claim that the Board, through HOK, provided Steel Service with an "incomplete and inadequate structural steel design," resulting in damages to Steel Service.

### B. *Limiting the Topical Scope of Discovery*

The Board further opposes limiting the topical scope of discovery arguing that all documents related to "the Project" are relevant, and therefore, discoverable. (Doc. #3). In the subpoena, the Board defines "the Project" as "the Great American Ball Park project." (Doc. #1, Ex. 1). According to HOK, it was retained by the Board "to provide design and construction administration services for modifications of the old Cinergy Field, construction of the new Great American Ballpark with a garage facility, the phase demolition of Cinergy Field, and the shell and core only of the Cincinnati Reds' Hall of Fame building." (Doc. #2). The Court acknowledges the scale of this "Project" and the number of contractors, subcontractors, sub-subcontractors, and other personnel who were undoubtedly retained to complete construction. It appears that HOK was involved in coordinating numerous other facets of the "Project," aside from the procurement of structural steel provided by Steel Services. The Court is not persuaded that the Board should be entitled to discover documents produced by HOK in connection with the Project which were unrelated to the procurement of structural steel as this exceeds the scope of the dispute between Steel Service and the Board.

### **CONCLUSION**

Accordingly, this Court finds that the Board's request for production of documents from HOK should be limited to documents related to the procurement of structural steel provided by Steel Services. This limitation on the scope of discovery is necessary as documents unrelated to Steel Service's role of providing structural steel for the Project are irrelevant and it would be unduly burdensome to require HOK to produce these irrelevant documents. HOK is directed to comply with the requests contained in the

7

subpoena, subject to the topical limitation expressed in this Order, within fifteen (15) days of the date of this Order.

    **IT IS SO ORDERED.**

                        /s/ Gary A. Fenner
                        GARY A. FENNER, JUDGE
                        United States District Court

DATED:   November 21, 2005